**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

RLI INSURANCE COMPANY,

     *Plaintiff*,

v.                                                                    Case No. 5:24-CV-01268-JKP

J. CLARK CONSTRUCTION, LLC,
AJC LEASING, LLC, ALBERT JOHN
CLARKIII,

     *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff RLI Insurance Company's ("RLI") Motion for Attorney's Fees, (*ECF No. 22*). The Court previously, on September 29, 2025, granted RLI's Motion for Default Judgment, (*ECF No. 19*), but withheld entry of final judgment by default at that time, finding RLI had not shown its requested attorney's fees were reasonable. *See ECF No. 21*. The Court permitted RLI to file a properly supported motion for fees and costs, (*see id*.), and RLI filed the instant Motion, (*ECF No. 22*). On June 9, 2026, the Court again permitted RLI to supplement the record regarding its actual damages. *See ECF Nos. 23, 24*. Upon consideration, the Court grants RLI's Motion for Attorney's Fees, (*ECF No. 22*), awarding its attorney's fees and costs, and will enter a final judgment by default.

## BACKGROUND

As stated, the Court previously, on September 29, 2025, granted RLI's Motion for Default Judgment, (*ECF No. 19*), but withheld entry of final judgment by default at that time, finding RLI had not shown its requested attorney fees were reasonable. *See ECF No. 21*. The Court permitted RLI to file a properly supported motion for fees and costs, (*see id.*), and RLI filed the instant Motion, (*ECF No. 22*). On June 9, 2026, the Court again permitted RLI to supplement the record regarding its actual damages. *See ECF Nos. 23, 24*.

In its Supplement, (*ECF No. 24*), RLI explains:

On November 5, 2024, RLI filed its Original Complaint (the "Complaint") against the Indemnitors asserting claims of breach of the General Indemnity Agreement ("GIA") entered into between RLI and the Indemnitors. *See* Complaint [Doc. 1]. In its Complaint, RLI alleges that it sustained damages in the amount of $155,624.03 due to multiple claims that were made against the bonds issued by RLI on behalf of J. Clark and the other Indemnitors. [Doc. 1] Subsequent to the filing of its Complaint, RLI received a payment from J. Clark in the amount of $49,174.19 in partial satisfaction of its indemnity obligations to RLI. However, J. Clark, AJC, and Albert Clark failed to make any further payments to indemnity RLI from its remaining losses and failed to answer or otherwise respond to RLI's Complaint. J. Clark, AJC, and Albert Clark were each served with RLI's Original Complaint and Summons on November 8, 2024, November 14, 2024, and November 15, 2024, respectively. This is evidenced by the Certificates of Service on file with the Court. *See* [Docs. 7-9].

On August 29, 2025, RLI filed its Motion for Default Judgment against J. Clark, AJC, and Albert Clark seeking judgment for its remaining losses totaling $106,449.84, plus its attorney's fees and costs. [Doc. 19]. On September 29, 2025, the Court issued its Order Granting RLI's Motion for Default Judgment in the amount of $106,449.84, but the Court advised that it was withholding entry of a Final Judgment and instructed RLI to submit a separate motion for its fees and costs. [Doc. 21]. Accordingly, RLI complied with the Court's Order and submitted its currently pending Motion for Attorneys' Fees on October 27, 2025. [Doc. 22].

Now, in compliance with the Court's Order dated June 9, 2026 [Doc. 23], RLI hereby submits this Supplement to its Motion for Default Judgment in support of its claim for liquidated damages in the amount of $106,449.84.

## II. SUPPLEMENTAL EVIDENCE OF RLI'S LIQUIDATED DAMAGES

On or about June 2, 2023, the Indemnitors each executed a General Indemnity Agreement (the "GIA") in favor of RLI. *See* Exhibit A, Declaration of Sarah Wilson ("Wilson Decl."), ¶ 4; Exhibit A-1, the GIA. The GIA was executed and delivered to RLI as consideration for RLI issuing certain surety bonds on behalf of the Indemnitors. *See* Exhibit A, Wilson Decl. ¶ 4. Specifically, RLI issued surety bonds, including payment and performance bonds, Bond No. RCB0034112 (the "Bonds") in connection with the project known as City of La Vernia 2023 Street Repair & Maintenance Package (the "Project"), naming J. Clark as principal and the City of La Vernia as obligee. *See* Exhibit A, Wilson Decl. ¶ 4; Exhibit A-2, the Bonds.

RLI received multiple claims made against the Bonds issued by RLI on behalf of the Indemnitors due to J. Clark's alleged default and alleged failures to pay subcontractors and suppliers for their labor and/or materials provided for the Project. *See* Exhibit A, Wilson Decl., ¶ 5. As a result, RLI incurred losses totaling $155,624.03 to resolve those claims. *See* Exhibit A, Wilson Decl., ¶ 5; Exhibit A-3, J. Clark Loss Summary Spreadsheet (the "Loss Summary"). Included as Exhibit A-3 to this Supplement is RLI's Loss Summary for J. Clark, which itemizes each expense and recovery to date on the J. Clark account.

After the filing of RLI's Complaint, RLI received additional contract funds in the amount of $58,721.94 in partial satisfaction of the losses RLI incurred under the Bonds. *See* Exhibit A, Wilson Decl., ¶ 6; Exhibit A-3, Loss Summary. Accordingly, RLI's remaining losses under the Bonds totaled $96,902.09. *See* Exhibit A, Wilson Decl., ¶ 6; Exhibit A-3, Loss Summary. However, the Indemnitors failed and refused to make any further payments to indemnify RLI for its remaining losses and failed to answer or otherwise respond to RLI's Complaint. *See* Exhibit A, Wilson Decl., ¶ 6.

As of the date of RLI's Motion for Default Judgment, RLI also paid $9,547.75 in attorney's fees in investigating the claims made against the Bonds and in seeking enforcement of its rights under the GIA executed by J. Clark, AJC, and Albert Clark by filing this lawsuit. *See* Exhibit A, Wilson Decl., ¶ 7; Exhibit A-3, Loss Summary. As defined in the GIA, RLI's "Loss" for which it is entitled to be indemnified by the Indemnitors includes "any and all cost and expense of any kind or nature, including attorneys fees, consulting, and other professional fees and expenses which [RLI] incurs in connection with any Bond or with enforcing the terms of this [GIA]." *See* Exhibit A-1, GIA, p. 1. This $9,547.75 in attorney's fees was included in RLI's total "Loss" because RLI includes its paid attorney's fees as part of its total Loss, pursuant to the terms of the GIA.1 *See* Exhibit A, Wilson Decl., ¶ 7. Accordingly, RLI seeks to clarify that the total amount of RLI's Loss for which it seeks default judgment against J. Clark, AJC, and Albert Clark includes $96,902.09 in losses under the Bonds, plus its attorney's fees and costs. Exhibit A, Wilson Decl., ¶ 7; Exhibit A-3. As set forth in RLI's Motion for Attorney's Fees, RLI has incurred attorney's fees and costs in the amount of $13,667.25[] [Doc. 22 and Doc. 22-1].

3

> Accordingly, RLI respect requests that this Court award default judgment against J. Clark, AJC, and Albert Clark and in favor of RLI in the total amount of $110,569.34, which includes $96,902.09 in losses under the Bonds, plus its attorney's fees and costs of $13,667.25.

*ECF No. 24* at 1–4. Now, because RLI has properly supplemented the record regarding its request for actual damages, the Court is able to proceed to address RLI's pending Motion for Attorney's Fees, (*ECF No. 22*).

## LEGAL STANDARD

In Texas, a Plaintiff may recover attorney's fees if the claim is for an oral or written contract. Tex. Civ. Prac. & Rem. Code § 38.001(b)(8). Recovery of attorney's fees requires the Plaintiff to prove the fees were "reasonable and necessary for the prosecution of the case." *Mexicans & Americans Thinking Together Found., Inc. v. Sonora, Mex.*, 2011 WL 13235161, at *6 (W.D. Tex. Aug. 9, 2011) (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818–19 (Tex. 1998)). As Plaintiff was represented on an hourly-fee basis, reasonable attorney's fees are determined via the lodestar method of multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar method's reasonableness may be adjusted based on:

> (1) time and labor required, novelty and difficulty of the questions involved, skill required to perform the legal service properly;
>
> (2) preclusion of other employment by the attorney by accepting the instant case;
>
> (3) fee customarily charged in the locality for similar legal services;
>
> (4) amount involved and the results obtained;
>
> (5) time limitations imposed by the client or by the circumstances;
>
> (6) nature and length of the professional attorney-client relationship;
>
> (7) experience, reputation, and ability of the lawyer(s) performing the services;

4

(8) whether fee is fixed or contingent on results obtained or pre-service collection[.]

*Id.* at *7 (citing *Andersen*, 945 S.W.2d at 818). This Court reviews each factor. "Requested fees must relate reasonably to the amount in controversy or the complexity of the case's circumstances." *Id.* (citing *Mid-Continent Cas. Co. v. Chevron Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000)). "When applicants with the burden to document appropriate hours expended and hourly rates provide inadequate documentation, a district court has discretion to reduce the award accordingly." *Id.* (citing *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 535–36 (5th Cir. 1986)).

## ANALYSIS

Here, RLI requests attorney's fees in the amount of $12,286.50 and costs in the amount of $1,390.75, for a total of $13,677.25.[1] *ECF No. 22 at 1*. RLI's attorneys prosecuted this action and were forced to incur losses, costs, and expenses in investigating and settling claims made against the Bond. *See ECF No. 22*. RLI's attorneys, including Emory G. Allen, Christopher R. Ward, John Rastoka, and Troy T. Kramer, were assisted by paralegals Chelsea Thomason and Kandi Santivasci. *Id*. at 15–20. The attorneys and staff worked a total of 53.5 hours on these matters. *Id*. at 18. RLI submitted the Affidavit of Emory G. Allen to establish the reasonable and necessary attorney's fees. *Id.* at 15–20. RLI also provided the breakdown of the fees requested, the hours worked by attorneys and staff, and the tasks completed. *See id.* at 21–53. Based upon the Affidavit and the Court's consideration of the *Andersen* factors, the Court finds RLI's requested attorneys' fees and court costs and expenses to be reasonable and proper, and awards attorney's fees in the amount of $12,286.50 and costs in the amount of $1,390.75, for a total of $13,677.25.

---

[1] RLI incorrectly lists the value of combining $12,286.50 and $1,390.75 as $13,667.25. *See ECF No. 22* at 1. The correct value of this computation is $13,677.25.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** RLI's Motion for Attorney's Fees, (*ECF No. 22*), awarding its attorney's fees and costs, and will simultaneously enter a final judgment by default.

It is so ORDERED.
SIGNED this 7th day of July, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE